IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O'SHEA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LYNN GUYER, WARDEN; PAUL REESE, JAMES HURST, CONNIE WINNERS, MONTANA STATE PRISON MEDICAL STAFF, and MELISSA SHARF,<br><br>　　　　Defendants. | CV 19-00057-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　Plaintiff John O'Shea has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2) alleging prisoner civil rights claims under 42 U.S.C. § 1983.  The motion to proceed in forma pauperis will be granted and Defendants Reese, Hurst, and Winners will be required to respond to the Complaint.  Mr. O'Shea did not raise any allegations against Defendants Guyer, Medical Staff, and Sharf and they should therefore be dismissed without prejudice.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

　　　Pursuant to 28 U.S.C. § 1915(b)(1), Mr. O'Shea must pay the statutory $350.00 filing fee.  Mr. O'Shea submitted an account statement showing an

1

inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. O'Shea will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. O'Shea must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. O'Shea is held to forward payments from Mr. O'Shea's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING

The Court has considered whether Mr. O'Shea's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. O'Shea has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants Reese, Hurst, and Winners must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2)

(while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

## ORDER

1. Mr. O'Shea's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED." The Complaint is deemed filed on August 28, 2019.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Reese, Hurst, and Winners to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Defendants Reese, Hurst, and Winners choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the

3

date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

3.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

* this Order;

*  a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

5.  Mr. O'Shea <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

6. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7. At all times during the pendency of this action, Mr. O'Shea must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Guyer, Montana State Prison Medical Staff, and Melissa Sharf should be DISMISSED WITHOUT PREJUDCE as no allegations were raised against these Defendants in the Complaint.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. O'Shea may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Mr. O'Shea is entitled an additional three days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of December, 2019.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O'SHEA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LYNN GUYER, WARDEN; PAUL REESE, JAMES HURST, CONNIE WINNERS, MONTANAT STATE PRISON MEDICAL STAFF, and MELISSA SHARF,<br><br>　　　　Defendants. | CV 19-00057-H-DLC-JTJ<br><br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO:　Legal Counsel for the Montana Department of Corrections
　　　P.O. Box 201301
　　　Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

1

were served on the date the waiver is filed, but no summons will be served on Defendants and they will have 60 days from the date this notice is sent to answer the Complaint. If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 9th day of December, 2019.

       */s/ John Johnston*
John Johnston
United States Magistrate Judge

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O'SHEA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LYNN GUYER, WARDEN; PAUL REESE, JAMES HURST, CONNIE WINNERS, MONTANAT STATE PRISON MEDICAL STAFF, and MELISSA SHARF,<br><br>　　　　Defendants. | CV 19-00057-H-DLC-JTJ<br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;
_____; _____;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2